IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA                                                     PLAINTIFF

v.                                                                      No. 3:98CR58-B

                                                        Federal Bureau of Investigation
                                                        Civil Case No. 3320-1998-F-0069

$19,395.00 IN UNITED STATES CURRENCY
AND CHARLIE GAVIN                                                           DEFENDANTS


**MEMORANDUM OPINION**

This matter comes before the court on remand from the Fifth Circuit Court of Appeals for a determination of the propriety of the notice given defendant Charlie Gavin regarding the seizure and forfeiture of his property, $19, 395.00 in United States currency. The court ordered the parties to brief this issue. The government chose a motion for summary judgment as the vehicle for such briefing. The defendant has responded to the motion, and each party has submitted supplemental briefs. The defendant has also filed a cross-motion for summary judgment to which the government has responded. The matter is ripe for resolution. For the reasons set forth below, the court finds that the notice given the defendant was proper under the law, and the forfeiture of the defendant's property was valid. As such, the government's motion for summary judgment shall be granted, and the defendant's motion for summary judgment shall be denied.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual

controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

### Procedural Posture

On March 1, 2004, Charlie Gavin ("Gavin"), Federal Prisoner #10867-042, filed a motion under FED. R. CRIM. P. 41(g) seeking the return of $19,395.00 in United States Currency that was administratively forfeited pursuant to 21 U.S.C. § 881 by the Federal Bureau of Investigation ("F.B.I."). The administrative forfeiture of the currency was completed January 19, 2000. Declaration of Administrative Forfeiture Exhibit "A" to the United States' Motion for Summary Judgment. The court denied Gavin's motion, holding that he was not entitled to pre-deprivation notice and hearing before the forfeiture of the currency and that Gavin was given all process due him in this case.

Gavin appealed the order to the Fifth Circuit, which affirmed the holding that Gavin was not entitled to pre-deprivation notice and hearing.[1] However, the Fifth Circuit reversed the grant of summary judgment in the United States' favor and remanded the case to this Court for further proceedings to determine whether Gavin received proper notice of the seizure and intended forfeiture under 19 U.S.C. § 1607(a). Pursuant to a briefing schedule set by the court, the government and the defendant filed cross-motions for summary judgment. The parties have

---

[1] Gavin filed his motion after the conclusion of criminal proceedings against him. The Fifth Circuit therefore treated Gavin's motion as a federal action under 28 U.S.C. § 1331, and viewed the denial of Gavin's motion as a grant of summary judgment in favor of the United States.

responded and replied to the opposing motions. The matter is ripe for review. For the reasons set forth below, the government's motion for summary judgment shall be granted, and the defendant's motion for summary judgment shall be denied.

## Undisputed Material Facts

The F.B.I. provided written notice to Gavin of the seizure of the funds and the government's intent to forfeit the funds via U.S. certified mail, return receipt requested, at four different locations. The notices were provided to Gavin as follows: (1) on September 16, 1998, to Mr. Charlie Gavin, 80 K.G. Lane, Grenada, Mississippi 38901 with a return receipt postmarked September 19, 1998, indicating notice was received by Johnny C. Echols; (2) on September 16, 1998, to Mr. Charlie Gavin, 354 Martin Luther King Drive, Grenada, Mississippi 38901 with a return receipt postmarked September 19, 1998, indicating notice was received by Cora Gavin; (3) on September 16, 1998, to Mr. Charlie Gavin, c/o Lafayette County Detention Center, 711 Jackson, Oxford, Mississippi 38655 with a return receipt postmarked September 19, 1998, indicating notice was received by Linder McNeely; and (4) on September 16, 1998, to Mr. Charlie Gavin, c/o Joseph C. Langston, Esquire, P.O. Box 787, Booneville, Mississippi 38829 with a return receipt postmarked September 21, 1998, indicating notice was received by Christy Holloway. *See* Declaration of Edith A. Golden, pp. 2-3, attached to the United States' Motion for Summary Judgment as Exhibit "B." Each written notice advised Mr. Gavin of the seizure and intended forfeiture of the $19,395.00 and provided Mr. Gavin the applicable procedures to challenge the seizure and proposed forfeiture.

In addition, the F.B.I. caused written notice of the seizure and intended forfeiture to be published once a week for three successive weeks in the *New York Times*. Page 4 of Exhibit "B"

of United States' Motion for Summary Judgment. The notices were published October 4, 1998, October 11, 1998, and October 18, 1998. Proofs of Publication, Exhibit "C" to United States' Motion for Summary Judgment.

## Discussion

To provide proper notice before the seizure and forfeiture of property valued at less than $500,000 – or of any monetary instrument – the government must publish notice of the administrative forfeiture for at least three successive weeks *and* send written notice to any party who appears to have an interest in the seized article. *United States v. Robinson*, 434 F. 3d 357, 362 (5th Cir. 2005), 19 U.S.C. § 1607 (a). Notice by publication must appear "in a newspaper of general circulation in the judicial district in which the processing for forfeiture is brought." 21 C.F.R. § 1316.75(a). Upon completion of an administrative forfeiture, a district court may review only "whether the forfeiture comported with constitutional due process guarantees." *Robinson*, 434 F. 3d at 362, quoting *Kadonsky v. United States*, 216 F. 3d 499, 506 (5th Cir. 2000).

Due process requires that notice of administrative forfeiture be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [forfeiture] action and afford them an opportunity to present their objections.'" *Robinson*, 434 F. 3d at 362, quoting *Barrera-Montenegro v. United States*, 74 F. 3d 657, 660 (5th Cir. 1996). Due process does not require actual notice or actual receipt of notice; nor does it require the government to make "heroic efforts" to effect notice. *Robinson*, 434 F. 3d at 366, quoting *Dusenbery v. United States*, 534 U.S. 161, 170, 122 S.Ct. 694,694, 151 L.Ed.2d 597 (2002).

Gavin argues in his cross-motion for summary judgment that due process requires the government to provide *actual notice* to defendants such as him who are incarcerated at the time notice is given, citing *Robinson v. Hanrahan*, 409 U.S. 38, 93 S.Ct. 30 (1972) and *Armendariz-Mata v. U.S. Dept. of Justice, Drug Enforcement*, 82 F.3d 679 (5th Cir. 1996). First, the holdings in *Hanrahan* and *Armendariz-Mata* do not require that a defendant be given actual notice. In addition, the facts in *Hanrahan* and *Armendariz-Mata* are distinguishable from the instant case.

The defendant in *Hanrahan* was incarcerated at the time the state initiated forfeiture proceedings against his automobile under the Illinois vehicle forfeiture statute, Ill. Rev.Stat., c. 38, s 36-1 *et seq.* (1969). *Hanrahan*, 409 U.S. at 38. Even though the state knew that the defendant was incarcerated at the time the state sent him notice, the state of Illinois mailed the notice to his *home address*, not to the jail facility. *Id.* at 39. After the notice period expired, the Cook County Circuit Court ordered the forfeiture and sale of the defendant's vehicle. *Id.* The defendant did not discover that his vehicle had been forfeited until his release from custody. *Id.* He filed a motion for rehearing, arguing that the notice mailed to his home while he was incarcerated by the state did not comport with the requirements of due process under the Fourteenth Amendment. *Id.* The Cook County Circuit Court upheld the notice mailed to the defendant's home. *Id.* The defendant exhausted his appeals in state court and brought his claim before the United States Supreme Court. *Id.* The United States Supreme Court held that notice mailed only to the home of a person known to the state to be incarcerated does not comply with the Due Process Clause of the Fourteenth Amendment because it is not "'reasonably calculated' to apprise [the defendant] of the pendency of the forfeiture proceeding." *Hanrahan*, 409 U.S. at

40.

*Hanrahan* differs from the present case in an important way.  The State of Illinois mailed notice of forfeiture *only* to the defendant's home at a time when the state knew he was confined elsewhere and would not receive the notice, but the government in the instant case not only mailed the notice of the seizure and intended forfeiture to Gavin's home, but also mailed the notice to the jail where he was incarcerated, to his mother's home, to his attorney's office, and published notice in the *New York Times*.[2]  The government's actions provided Gavin with due process.

The other case cited by the defendant, *Armendariz-Mata v. U.S. Dept. of Justice, Drug Enforcement*, 82 F.3d 679 (5th Cir. 1996), also differs materially from the present case.  In *Armendariz-Mata*, the government knew that the defendant did not receive the challenged notice of seizure and intended forfeiture.  *Armendariz-Mata,* 82 F.3d at 683.  Although the government mailed the notice to the jail where the plaintiff was incarcerated, the notice was returned undelivered.  *Id.* at 681.  The Fifth Circuit held that, upon the government's receipt of the returned mail, "[i]t is unreasonable for [the government] to ignore information that reveals that a method of notice is inadequate to provide an interested party with notice, when that party is known to be in jail and can be easily located by [the government] in the jail or determined to not be there."  *Id.* at 683.  The present case is not analogous to *Armendariz- Mata* s because the notice mailed to Gavin in the present case *was* received at the Lafayette County Detention Center, and the return receipt came back to the F.B.I. signed by Linder McNeely.  The

---

[2]The *New York Times* is a newspaper of general circulation as required by 21 C.F.R. § 1316.75(a).  *Robinson*, 434 F. 3d at 368.

government is not required to provide Gavin with actual notice; instead, delivery of the notice to the jail in which he is incarcerated via certified mail with a signed return receipt is sufficient. *Dusenbery v. United States*, 534 U.S. 161, 172-173, 122 S.Ct. 694 (2002), citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Use of certified mail with return receipt requested, as in this case, was a method "reasonably calculated, under all the circumstances, to apprise [Gavin] of the pendency of the [forfeiture] action and afford [him] an opportunity to present [his] objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). As such, Gavin's arguments must fail, and the court finds that the notice the F.B.I. sent to the Lafayette County Detention Center was constitutionally adequate.

As discussed above, the F.B.I. complied with the statutory notice requirements of 19 U.S.C. § 1607(a), which provided Gavin with the process due him under the Fourteenth Amendment. As such, Gavin's challenge to the administrative forfeiture at issue is without merit. Therefore, Gavin's request for the return of the $19,395.00 in United States currency shall be denied; the government's motion for summary judgment shall be granted, and judgment shall be entered in favor of the United States. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of May, 2008.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE